## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **USCO S.p.A.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **VALUEPART, INC.,** | ) | DEMAND FOR JURY TRIAL |
| **ACE TRACK CO., LTD., and** | ) | |
| **REONE TRACK CO., LTD.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

USCO S.p.A. ("USCO" or "Plaintiff"), hereby alleges for its Complaint for patent infringement against defendants ValuePart, Inc. ("VPI"), ACE Track Co., Ltd. ("ACE"), and REONE Track Co., Ltd ("REONE") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

### THE NATURE OF THE ACTION

1.      This is a patent infringement action to end VPI's, ACE's, and REONE's (collectively, "Defendants'") unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products and methods incorporating Plaintiff USCO's patented inventions.

2.      Plaintiff USCO is the owner by assignment of all rights, title, and interest in and to the Patent-in-Suit described below, including the exclusive right to sue Defendants for infringement and recover damages.

3.      Defendants make, use, sell, offer for sale, and/or import infringing products in violation of the Patent-in-Suit.  Plaintiff USCO seeks permanent injunctive relief to prevent Defendants from continuing to infringe USCO's patent rights.  Plaintiff USCO further seeks monetary damages and prejudgment interest for Defendants' past infringement of the Patent-in-Suit.

4.      This is an exceptional case, and USCO requests damages, enhanced damages, attorneys' fees, costs, and expenses.

## THE PARTIES

5.      Plaintiff USCO is a joint stock company established under the laws of Italy with its principal place of business in Modena, Italy.  USCO, through its subsidiaries, affiliates, and/or joint ventures, practices the claimed methods of the Patent-in-Suit and imports into and offers to sell, sells, and/or uses split master links, as well as sealed and lubricated track assemblies incorporating split master links, made following the claimed methods of the Patent-in-Suit in the United States.

6.      Upon information and belief, Defendant VPI is a Delaware corporation with its principal place of business in Vernon Hills, Illinois.

7.      Upon information and belief, Defendant ACE is a foreign corporation having legal capacity to be sued established and existing under the laws of the Republic of Korea with its principal place of business in Chuk-Dong-myeon, Sacheon-si, Gyeongsangnam-do, South Korea.

2

8.    Upon information and belief, Defendant REONE is a foreign corporation having legal capacity to be sued established and existing under the laws of the Republic of Korea with its principal place of business in Sangpyeong-dong, Jinju-si, Gyeongsangnam-do, South Korea.

9.    Upon information and belief, Defendant ACE and Defendant REONE share or shared common ownership and/or common management at all times relevant to the allegations in this Complaint, including, but not limited to, Mr. Sung Won Moon.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

11.    Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendants reside in this district and/or Defendants have committed acts of infringement in this district specifically including, but not limited to, those acts alleged in paragraphs 20 through 24 of this Complaint.

12.    This Court has general and specific personal jurisdiction over VPI because VPI has substantial contacts with the forum as a result of conducting substantial business in the State of Tennessee and within this district.  Upon information and belief, VPI regularly solicits business in the State of Tennessee; derives substantial revenue from products and/or services provided to customers in the State of Tennessee; directly has or induced others to import, offer to sell, sell, and/or use within the State of Tennessee products, which are made by the claimed methods of the Patent-in-Suit, in an ongoing and continuous manner; maintained an established distribution network for products which are made by the claimed methods of the Patent-in-Suit and other products in the State of Tennessee; and provides and/or markets products and services

directly to customers (individuals and/or business entities) residing in the State of Tennessee. Upon information and belief, as a result of the foregoing, VPI has derived substantial income from infringing and/or inducing infringement of the Patent-in-Suit in the United States, including in the State of Tennessee.

13.     Upon information and belief, this Court has general and specific personal jurisdiction over ACE because ACE has for a time and still is infringing and inducing infringement of the Patent-in-Suit by selling or offering to sell products, which are made by the claimed methods of the Patent-in-Suit, to customers in the United States including customers in the State of Tennessee directly and/or through intermediaries (including, but not limited to, VPI). Upon information and belief, ACE has for a time and still is infringing and inducing infringement of the Patent-in-Suit by importing products, which are made by the claimed methods of the Patent-in-Suit, into the United States.  Upon information and belief, ACE imported these products for the purpose of infringing sales and offers to sell products, which are made by the claimed methods of the Patent-in-Suit, to customers in the United States including customers in the State of Tennessee.  The infringing sales and offers to sell are carried out by employing established distribution channels in the United States including in the State of Tennessee (including, but not limited to, VPI).  Upon information and belief, as a result of the foregoing, ACE has derived substantial income from infringing and/or inducing infringement of the Patent-in-Suit in the United States, including in the State of Tennessee.

14.     Upon information and belief, this Court has general and specific personal jurisdiction over REONE because REONE has for a time and still is infringing and inducing infringement of the Patent-in-Suit by selling or offering to sell products, which are made by the claimed methods of the Patent-in-Suit, to customers in the United States including customers in

the State of Tennessee directly and/or through intermediaries (including, but not limited to, VPI). Upon information and belief, REONE has for a time and still is infringing and inducing infringement of the Patent-in-Suit by importing products, which are made by the claimed methods of the Patent-in-Suit, into the United States. Upon information and belief, REONE imported these products for the purpose of infringing sales and offers to sell products, which are made by the claimed methods of the Patent-in-Suit, to customers in the United States including customers in the State of Tennessee. The infringing sales and offers to sell are carried out by employing established distribution channels in the United States including in the State of Tennessee (including, but not limited to, VPI). Upon information and belief, as a result of the foregoing, REONE has derived substantial income from infringing and/or inducing infringement of the Patent-in-Suit in the United States, including in the State of Tennessee.

## JOINDER

15.     Joinder is proper under 35 U.S.C. § 299 because questions of fact common to all Defendants will arise in the action. As detailed below, USCO alleges patent infringement by Defendants in connection with (among other things) their making, using, selling, offering to sell, and/or importing into the United States split master links and sealed and lubricated track assemblies incorporating split master links that infringe due to their practice of methods for manufacturing the same.

16.     Upon information and belief, Defendant VPI has entered into an exclusive distribution agreement with both ACE and REONE (*see* Exhibit A) to purchase and distribute infringing split master links and sealed and lubricated track assemblies incorporating split master links in the United States via VPI's established lines of distribution. VPI has admitted that "'[t]rack chains' are the most important product that VPI handles, and a significant number of

the chains VPI purchases are supplied by Ace Track." (*See* Exhibit B at ¶37.)  VPI has further admitted that "VPI provides all sales representatives for Ace Track products in the [United States]." (*See* Exhibit B at ¶¶38 & 50.)  Upon information and belief, VPI orders to or deliveries from REONE may be used to offset required minimum purchases from ACE. (*See* Exhibit A at Section 4.B.iii.)  Upon information and belief, a distribution agreement with similar terms exists between VPI and REONE.  (*See id.*)  The importation, offer to sale, and sales with in the United States by VPI of split master links and sealed and lubricated track assemblies incorporating split master links manufactured by ACE and REONE constitute important evidence of infringement of the Patent-in-Suit, and presents significant questions of fact common to all Defendants.

17.     Joinder is further proper because some, if not all, of Defendants' infringement arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product manufactured by the covered methods, for example in the case in which ACE or REONE manufactures split master links and/or sealed and lubricated track assemblies incorporating split master links according to the Patent-in-Suit and ships these split master links and sealed and lubricated track assemblies incorporating split master links to VPI or directly to a VPI customer in the United States.

## THE ASSERTED PATENT

18.     On July 2, 2002, U.S. Patent No. 6,412,267 (the "'267 Patent" or the "Patent-in-Suit") was duly and legally issued for a "Method of Manufacturing an Openable Link of a Track" to Enzo Duse of Bologna, Italy.  A true and correct copy of the '267 Patent is attached hereto as Exhibit C.

19.    USCO is the owner by assignment of all rights, title, and interest to and in the '267 Patent.

## INFRINGEMENT OF U.S. PATENT NO. 6,412,267

20.    USCO incorporates and realleges paragraphs 1-19 above as if fully set forth herein.

21.    Upon information and belief, Defendant VPI has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including, but not limited to, end purchasers of a product which is made by the claimed methods and the importation of such products into the United States by ACE, REONE, and/or others), one or more claims of the '267 Patent.  Upon information and belief, Defendant VPI presently imports, offers to sell, sells, manufactures, and/or uses without authority infringing products (including, but not limited to, split master links, sealed and lubricated track assemblies incorporating split master links, and undercarriage packages containing the same) which infringe at least one claim of the '267 Patent under 35 U.S.C. § 271.  Unless enjoined by this Court, upon information and belief, VPI, its agents, servants, employees, representatives, and all others acting in active concert therewith will continue to import, offer to sell, sell, or use products which are made by the claimed methods of the '267 Patent within the United States, the State of Tennessee, and this district, thereby causing USCO to continue to suffer severe and irreparable harm.

22.    Upon information and belief, Defendant ACE has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including, but not limited to, end purchasers of a product which is made by the claimed methods and the importation of such products into the United States by VPI, REONE, and/or others), one or more claims of the '267 Patent.  Upon information and belief, Defendant ACE

7

presently imports, offers to sell, sells, manufactures, and/or uses without authority infringing products (including, but not limited to, split master links, sealed and lubricated track assemblies incorporating split master links, and undercarriage packages containing the same) which infringe at least one claim of the '267 Patent under 35 U.S.C. § 271.  Unless enjoined by this Court, upon information and belief, ACE, its agents, servants, employees, representatives, and all others acting in active concert therewith will continue to import, offer to sell, sell, or use products which are made by the claimed methods of the '267 Patent within the United States, the State of Tennessee, and this district, thereby causing USCO to continue to suffer severe and irreparable harm.

23.     Upon information and belief, Defendant REONE has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including, but not limited to, end purchasers of a product which is made by the claimed methods and the importation of such products into the United States by VPI, ACE, and/or others), one or more claims of the '267 Patent.  Upon information and belief, Defendant REONE presently imports, offers to sell, sells, manufactures, and/or uses without authority infringing products (including, but not limited to, split master links, sealed and lubricated track assemblies incorporating split master links, and undercarriage packages containing the same) which infringe at least one claim of the '267 Patent under 35 U.S.C. § 271. Unless enjoined by this Court, upon information and belief, REONE, its agents, servants, employees, representatives, and all others acting in active concert therewith will continue to import, offer to sell, sell, or use products which are made by the claimed methods of the '267 Patent within the United States, the State of Tennessee, and this district, thereby causing USCO to continue to suffer severe and irreparable harm.

8

24.     Defendants' acts of past and continuous infringement have caused damage to USCO, and USCO is entitled to recover from Defendants, jointly and severally, the damages sustained by USCO as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## WILLFUL INFRINGEMENT

25.     USCO incorporates and realleges paragraphs 1-24 above as if fully set forth herein.

26.     Upon information and belief, Defendants' infringement of the '267 Patent is willful and deliberate, including because Defendant VPI became aware of the infringing nature of their products at the latest when VPI received a notice letter from USCO as provided in more detail below, and because Defendant ACE and REONE became aware of the infringing nature of their products before ACE and REONE began manufacturing those products as provided in more detail below, and/or the filing of USCO's Complaint, entitling USCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27.     Specifically, USCO sent a notice letter via DHL courier service on or about March 9, 2010 and on or about November 11, 2010 to Defendant VPI (the "VPI Notice Letter"), and upon information and belief, Defendant VPI received the VPI Notice Letter from USCO on or about December 2, 2010.  The VPI Notice Letter detailed, among other things, USCO's rights concerning the '267 Patent.   The VPI Notice Letter also informed VPI of its possible infringement by importing split master links and/or other parts incorporating split master links, and advised VPI to "verify the authenticity and origin of apparently identical or similar products originating from third parties' companies other than USCO or its affiliates and its authorized

licensee, with a view to exclude any risk of infringing on such patent rights." Upon information and belief, VPI has continued to knowingly import infringing products manufactured by the claimed methods from ACE, REONE, and/or others after December 2, 2010. Upon information and belief, VPI has continued to knowingly offer for sale and sell infringing products manufactured by the claimed methods in the United States, the State of Tennessee, and this district after December 2, 2010.

28.     Upon information and belief, Defendant ACE was formed by Mr. Sung Won Moon ("Moon") on or about January 11, 2011 to manufacture and sell heavy equipment vehicle undercarriage replacement and repair parts, including infringing products manufactured by one or more of the claimed methods of the '267 Patent. Upon information and belief, Moon formerly was a part owner of and employed by KUT, now a wholly-owned subsidiary of USCO, which manufactures split master links, sealed and lubricated track assemblies incorporating split master links, and other parts for heavy equipment vehicles. Among other things, KUT was responsible for manufacturing and/or purchasing split master links for USCO while Moon was employed at KUT. During 2008 and prior to 2010, DHT was contracted by KUT to manufacture split master links, and, upon information and belief, DHT is or was owned by Moon's brother at that time. Upon information and belief, while at KUT, Moon was aware of the '267 Patent because USCO's president and co-owner of KUT at the time discussed the '267 Patent with Moon in 2008 upon learning of the '267 Patent.

29.     Furthermore, USCO sent a notice letter via DHL courier service on or about August 3, 2011 to Defendant ACE (the "ACE Notice Letter"), which, upon information and belief was received by ACE. The ACE Notice Letter detailed, among other things, USCO's rights concerning the '267 Patent. The ACE Notice Letter also informed ACE of its possible

infringement by importing split master links and/or other parts incorporating split master links, and advised ACE to "verify the authenticity and origin of apparently identical or similar products originating from third parties' companies other than USCO or its affiliates and its authorized licensee, with a view to exclude any risk of infringing on such patent rights."   Upon information and belief, ACE, by and through Moon, knowingly manufactured and continues to knowingly manufacture infringing products using the claimed methods of the '267 Patent for import, sale, offer for sale, and/or use in the United States and other countries by itself or through inducement of third parties (including, but not limited to, VPI, REONE, KOTRACK, and/or others).

30.     Upon information and belief, Defendant REONE was formed on or about July of 2010 by Moon to manufacture and sell heavy equipment vehicle undercarriage parts, including infringing products manufactured by one or more of the claimed methods of the '267 Patent. According to ACE's website[1], REONE is a "Cooperation" or "Affiliated" business of ACE. Upon information and belief, Moon formerly was a part owner of and employed by KUT, now a wholly-owned subsidiary of USCO, which manufactures split master links, sealed and lubricated track assemblies incorporating split master links, and other parts for heavy equipment vehicles. Among other things, KUT was responsible for manufacturing and/or purchasing split master links for USCO while Moon was employed at KUT.   During 2008 and prior to 2010, DHT was contracted by KUT to manufacture split master links, and, upon information and belief, DHT is or was owned by Moon's brother at that time.   Upon information and belief, while at KUT, Moon was aware of the '267 Patent because USCO's president and co-owner of KUT at the time discussed the '267 Patent with Moon in 2008 upon learning of the '267 Patent.

---

[1] http://www.acetrack.co.kr/eng/cooperation_1.html (*see* Exhibit D) and
http://www.acetrack.co.kr/eng/ace_info_1.html (*see* Exhibit E), last visited July 28, 2014.

31.     Furthermore, USCO sent a notice letter via DHL courier service on or about December 23, 2010 to Defendant REONE (the "REONE Notice Letter").  The REONE Notice Letter detailed, among other things, USCO's rights concerning the '267 Patent.  The REONE Notice Letter also informed REONE of its possible infringement by importing split master links and/or other parts incorporating split master links, and advised REONE to "verify the authenticity and origin of apparently identical or similar products originating from third parties' companies other than USCO or its affiliates and its authorized licensee, with a view to exclude any risk of infringing on such patent rights."   Upon information and belief, REONE, by and through Moon, knowingly manufactured and continues to knowingly manufacture infringing products using the claimed methods of the '267 Patent for import, sale, offer for sale, and/or use in the United States and other countries by itself or through inducement of third parties (including, but not limited to VPI, ACE, KOTRACK, and/or others).

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, USCO respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, USCO S.p.A., respectfully requests entry of judgment in its favor and against Defendants as follows:

(a)     A judgment in favor of USCO S.p.A. that Defendants ValuePart, Inc., ACE TRACK Co., Ltd., and REONE TRACK Co., Ltd. have infringed one or more claims of U.S. Patent No. 6,412,267;

(b)      A permanent injunction enjoining Defendants ValuePart, Inc., ACE TRACK Co., Ltd., and REONE TRACK Co., Ltd. and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with  prohibiting Defendants ValuePart, Inc., ACE TRACK Co., Ltd., and REONE TRACK Co., Ltd. from infringing U.S. Patent No. 6,412,267;

(c)      A judgment and order requiring Defendants ValuePart, Inc., ACE TRACK Co., Ltd., and REONE TRACK Co., Ltd. to pay USCO S.p.A. its damages, costs, and expenses arising out of Defendants' infringement of U.S. Patent No. 6,412,267 together with pre-judgment and post-judgment interest, in an amount according to proof;

(d)      A judgment and order finding that Defendants' infringement of U.S. Patent No. 6,412,267 to be willful from the time that Defendants became aware of the infringing nature of their respective products, which is the date of receiving a notice letter from USCO S.p.A., some earlier date according to proof, or the filing of Plaintiff's Complaint at the latest, and awarding treble damages to Plaintiff for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(e)      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding USCO S.p.A. its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f)      A judgment and order awarding such other costs and further relief as the Court may deem just and proper.

Respectfully submitted,

BUTLER SNOW LLP

 s/*Frank M. Holbrook*

Frank M. Holbrook (BPR # 20406)
Amy M. Pepke (BPR # 18174)
Clifford R. Lamar II (BPR # 32215)
6075 Poplar Avenue, Ste. 500
Memphis, TN 38119
T:  901.680.7200
F:  901.680.7201
frank.holbrook@butlersnow.com
amy.pepke@butlersnow.com
dale.lamar@butlersnow.com
ATTORNEYS FOR PLAINTIFF
USCO S.P.A.