IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| USCO S.P.A.,<br><br>    Plaintiff,<br><br>v.<br><br>VALUEPART, INC., ACE TRACK<br>CO., LTD., and REONE TRACK<br>CO., LTD.,<br><br>    Defendants. | No. 2:14-cv-02590-JPM-tmp |

**ORDER DENYING MOTION TO TRANSFER VENUE**

Before the Court is Defendant ValuePart, Inc.'s ("VPI") Motion to Transfer Venue, filed October 1, 2014. (ECF No. 21.) Plaintiff responded in opposition on October 20, 2014. (ECF No. 28.) Defendant VPI filed a Reply on October 28, 2014. (ECF No. 33.)

For the following reasons, VPI's Motion is DENIED.

### I. BACKGROUND

This case concerns the alleged infringement by Defendants VPI, ACE Track Co., Ltd. ("ACE"), and REONE Track Co., Ltd. ("REONE") of USCO S.p.A.'s ("USCO") patent. (See Compl., ECF No. 1.) Plaintiff alleges that Defendants "presently import[], offer[] to sell, sell[], manufacture[], and/or use[] without authority" United States Patent No. 6,412,267 (the "'267 Patent"). (Id. ¶¶ 21-24.) According to Plaintiff, USCO is the owner by assignment of all rights, title, and interest to and in

the '267 Patent (id. ¶ 19), which describes a "Method of Manufacturing an Openable Link of a Track." (Id. ¶ 18.)

Plaintiff filed its Complaint on July 30, 2014. (ECF No. 1.) Defendant VPI filed its Answer (ECF No. 19) and its Motion to Transfer Venue (ECF No. 21) on October 1, 2014. On November 10, 2014, the Court held a Scheduling Conference and heard arguments on the instant Motion. (Minute Entry, ECF No. 39.)

Plaintiff USCO is an Italian joint stock company with its principal place of business in Modena, Italy. (ECF No. 28 at 2.) USCO's subsidiary, ITR America, LLC ("ITR") sells and distributes products that utilize the '267 Patent under the registered name, HEAVYQUIP. (Id.) ITR is a Nevada corporation with its principal place of business in Hobart, Indiana. (ECF No. 21-1 at 2.) Hobart, Indiana is a suburb of Chicago. (Id.) According to USCO:

> HEAVYQUIP is the largest independent retail construction parts and service company in North America. HEAVYQUIP maintains nine fullservice locations mainly located in the Southeast, including an office in Memphis, Tennessee located at 1459 Corporate Avenue ("Memphis Office"). Including the Memphis Office, there are four offices within driving distance of Memphis with 47 employees. These offices also conduct retail sales, provide service for equipment, and conduct administrative functions.

(ECF No. 28 at 2-3 (internal citations omitted).)

Defendant VPI is a Delaware Corporation headquartered in Chicago. (ECF No. 21 at 1, 2.) ACE and REONE are both located

2

in South Korea. (Id. at 1.) The location of the alleged infringing manufacturing process is in South Korea. (Id.)

USCO expects at least ten witnesses from in and around Memphis to testify in this case. (See ECF No. 28 at 3-5, 11-12.) VPI intends to call or depose several witnesses that live in and around the Northern District of Chicago to testify, as well as witnesses residing in Vancouver, Milan, France, South Korea, and Jackson, Mississippi. (Id. at 2.)

## II. LEGAL STANDARD

Defendant moves the Court to transfer this action to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1404(a) (ECF No. 21 at 1.) A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion" in determining whether to transfer a case pursuant to 28 U.S.C. § 1404. Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009) (internal quotation marks omitted); see Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) (stating that the "discretion to be exercised [by courts] is broader" under § 1404(a) than under the doctrine of forum non conveniens). Analysis under § 1404(a) is intended to be

3

flexible and individualized.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988).

In determining whether to transfer a case under § 1404(a), a court must first find that the civil action could have been brought in the requested transferee district.  28 U.S.C. § 1404(a); Reese, 574 F.3d at 320.

Once the court has determined that the case could have been brought in the requested transferee district, the court must determine whether party and witness "convenience" and "the interest of justice" favor transfer to that district.  See Reese, 574 F.3d at 320 (internal quotation marks omitted).  In weighing these statutory factors, courts may consider the public and private factors set forth in Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947), but courts are not burdened with "preconceived limitations derived from the forum non conveniens doctrine."  See Norwood, 349 U.S. at 31 (citation omitted) (internal quotation marks omitted); Moore v. Rohm & Haas Co., 446 F.3d 643, 647 n.1 (6th Cir. 2006) (stating that in determining whether to transfer a case under § 1404(a), a district court "should consider the private interests of the parties . . . as well as other public-interest concerns"); Esperson v. Trugreen Ltd., No. 2:10-cv-02130-STA-cgc, 2010 WL 4362794, at *5 (W.D. Tenn. Oct. 5, 2010). Additionally, the "interest of justice" factor has been interpreted broadly by

4

courts, covering the individualized circumstances of each case. See Cincinnati Ins. Co. v. O'Leary Paint Co., 676 F. Supp. 2d 623, 633 (W.D. Mich. 2009).

While there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a) a plaintiff's choice of forum may be considered, but is entitled to less deference. See Norwood, 349 U.S. at 32; Lemon v. Druffel, 253 F.2d 680, 685 (6th Cir. 1958) ("The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in Norwood v. Kirkpatrick[.]"); Esperson, 2010 WL 4362794, at *5-*6.  As a result, Defendant's burden is to demonstrate, by a preponderance of the evidence, that a change of venue to the transferee district is warranted under § 1404(a). See Eaton v. Meathe, No. 1:11-cv-178, 2011 WL 1898238, at *2 (W.D. Mich. May 18, 2011); Amphion, Inc. v. Buckeye Elec. Co., 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003); Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc., 138 F.R.D. 89, 93 (N.D. Ohio 1991), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994).  "Merely shifting the inconvenience from one party to another does not meet Defendant's burden." McFadgon v. Fresh Mkt., Inc., No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn. Oct. 21, 2005).  If the court determines that the "balance between the plaintiff's choice of forum and defendant's desired forum is even, the

plaintiff's choice of law should prevail." Stewart v. Am. Eagle Airlines, Inc., No. 3:10-00494, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010).

### III. ANALYSIS

Defendant asserts that Plaintiff had the right to bring this action in the Northern District of Illinois. (See ECF No. 21 at 2.) Plaintiff does not dispute this assertion. (See ECF No. 28 at 9.) The Court agrees with the parties that personal jurisdiction over the Defendants exists in the Northern District of Illinois, and that Plaintiff had the right to bring this action in the Northern District of Illinois. Thus, the only issue remaining is whether the balance of the statutory factors — the convenience to the witnesses, the convenience to the parties, and the interest of justice — favors transfer to the Northern District of Illinois. The Court will address each statutory factors separately before balancing these factors to determine whether transfer to the Northern District of Illinois pursuant to § 1404(a) is proper.

**A. Statutory Factors Under § 1404(a)**

**1. Convenience to Witnesses**

In order to support a finding that this factor favors transfer, the party asserting that the forum is inconvenient for witnesses should "proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony

to enable the court to assess the materiality of evidence and the degree of inconvenience." Eaton, 2011 WL 1898238, at *3 (quoting Rinks v. Hocking, No. 1:10-CV-1102, 2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011)) (internal quotation marks omitted). "Particularized information" must be raised to enable a court to determine "how much weight to give a claim of inconvenience." Id. (quoting Rinks, 2011 WL 691242, at *3) (internal quotation marks omitted). Additionally, it is the "materiality and importance of the testimony of prospective witnesses, and not merely the number of witnesses," that is crucial to this inquiry. Rinks, 2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011).

Defendant VPI argues that the Northern District of Illinois would be more convenient for both party and non-party witnesses. (ECF No. 21-1 at 8-10.) In support of its argument, VPI states that party witnesses "will likely be coming primarily from the Chicago area, Northern Italy, and South Korea." (Id. at 8.) According to VPI, non-party witnesses are likely to be called from the following locations: Peoria, Illinois; Valparaiso, Indiana (a suburb of Chicago); Pearl, Mississippi (a suburb of Jackson, Mississippi); Northern Italy; and France. (Id. at 9–10.) VPI argues that the Northern District of Illinois is more convenient for all anticipated witnesses. (Id. at 8–10.) VPI asserts that "[t]here are more frequent, and often less

expensive, flight options for those traveling to Chicago" internationally than to Memphis. (Id. at 4-5.) For the witnesses in Peoria and Valparaiso, VPI argues that the Northern District of Illinois would be far more convenient. (See id. at 9-10.) VPI also argues that the Northern District of Illinois would be more convenient for the witness in Pearl, Mississippi. (Id. at 9.) VPI explains, "Traveling to Memphis from Pearl requires either over three hours of driving by car or a flight with at least one connection. United Airlines, however, offers two direct flights from Jackson to Chicago, with each flight taking two hours and eleven minutes." (Id. (internal citations omitted).)

USCO contends in response that the Western District of Tennessee is a more convenient venue for a majority of the known witnesses. (ECF No. 28 at 9-14.) USCO states that it intends to call at least ten witnesses "that reside in the Western District [of Tennessee] or the surrounding area, or who regularly conduct business out of the Jackson area and Memphis offices of ITR/HEAVYQUIP." (Id. at 11.) USCO disputes that the Northern District of Illinois is a more convenient venue for witnesses residing in and around Jackson, Mississippi, as the total travel time to Memphis is less, and the trip overall less costly due to avoiding flight and hotel expenses. (Id. at 5.) USCO further disputes that Chicago is a more convenient venue

8

than Memphis for international witnesses: according to USCO, the difference in difficulty and expense of airfare is minimal as between the two cities, whereas the average cost of a hotel room is substantially lower in Memphis. (Id. at 5-7.) As a result, USCO argues that the Western District of Tennessee is the more convenient forum for the witnesses. (Id.)

In its Reply, VPI argues that the many witnesses USCO states that it intends to call residing in and around the Western District of Tennessee should not be considered when assessing the convenience of witnesses. (See ECF No. 33.) According to VPI, the number of witnesses USCO states it wishes to call would render the witness testimony "cumulative"; further, VPI argues that none of the testimony offered by such witnesses would be relevant, because "the issue in this case is not whether ITR lost any sales – ITR is not the plaintiff. The issue is whether USCO lost sales." (Id. at 2.) During the November 10, 2014 Motion Hearing, however, VPI did not attempt to dispute USCO's assertion that such witness testimony would be relevant to determining reasonable royalty rates. See Apple Inc. v. Motorola, Inc., 757 F.3d 1286, 1315 (Fed. Cir. 2014) (describing various methods for determining reasonable royalties).

The Court finds VPI has not made a sufficient showing that the Northern District of Illinois would be more convenient for

the potential witnesses in this case. It appears that the Northern District of Illinois would be more convenient for VPI's domestic witnesses, and the Western District of Tennessee would be more convenient for USCO's domestic witnesses. With respect to potential international witnesses, neither district is markedly more convenient. On balance, this factor does not weigh in favor of transfer.

**2. Convenience to the Parties**

Defendant VPI argues that the Northern District of Illinois is a more convenient venue for the parties than the Western District of Tennessee. (See ECF No. 21-1 at 10–11.) VPI asserts that the location of the sources of proof and the location of the allegedly infringing activity favor transfer. (Id.) These interests are considered in turn.

**a. Location of the Sources of Proof**

Defendant VPI argues that the Northern District of Illinois is "[m]ore [c]onvenient for the [s]ources of [p]roof." (See ECF No. 21-1 at 10.) In support of this assertion, VPI quotes IPS Corp. v. WCM Indus., stating that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." No. 2:12-CV-02694-JPM, 2013 WL 1338179, at *14 (W.D. Tenn. Mar. 29, 2013) (quoting In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009)). VPI notes that its headquarters are located in the Northern District of Illinois,

10

but gives no further explanation as to why this factor favors transfer.

In response, Plaintiff argues that all of the proof it intends to offer can either be found in or around the Western District of Tennessee, or outside the United States. (ECF No. 28 at 13-14.) Although Plaintiff acknowledges that some proof to be offered by VPI is located in the Northern District of Illinois, USCO argues that proof relevant to the "core infringement allegations" is likely to be located "outside of the United States where the products in issue are manufactured by defendant[s] ACE and REONE." (Id. at 14.) Plaintiff thereby contends that the Western District of Tennessee is either more convenient, "or at least neutrally convenient," with respect to the location of the sources of proof. (Id.)

The Court finds that the location of the sources of proof does not weigh in favor of transfer. The "bulk of the relevant evidence usually comes from the accused infringer," In re Genentech, Inc., 566 F.3d at 1345; in a manufacturing process case such as this, however, the bulk of the evidence is likely to be found where the manufacturing actually takes place. In this case, the bulk of the evidence is thus likely to be found outside of the United States. Because some proof is likely to be in the Western District of Tennessee, some in the Northern District of Illinois, and much of the proof abroad, this factor

11

does not favor transfer. See Principal Tech. Eng'g, Inc. v. SMI Companies, No. 4:09-CV-316, 2009 WL 4730609, at *5 (E.D. Tex. Dec. 8, 2009) (finding that the location of sources of proof does not favor transfer when some proof is present in each venue) (citing In re TS Tech USA Corp., 551 F.3d 1315, 1321 (Fed. Cir. 2008)).

### b. Location of the Allegedly Infringing Activity

Defendant VPI asserts that there are two locations where infringing activity is alleged to have occurred: South Korea and Chicago – with allegedly infringing manufacturing in the former, and allegedly infringing importing, offering to sell, and selling being directed in the latter. (ECF No. 21-1 at 11.) Plaintiff does not dispute these assertions. (See ECF No. 28 at 13-14.) Although the bulk of any infringing activity is likely to have occurred outside the United States, see supra, the Court finds that more of the allegedly infringing activity occurred in the Northern District of Illinois than the Western District of Tennessee. This factor thereby weighs slightly in favor of transfer.

In summary, while the convenience-to-the-parties factor is close, the Court finds that the Defendant has demonstrated by a preponderance of the evidence that the Northern District of Illinois would be marginally more convenient for the parties.

### 3. Interest of Justice

Defendant VPI argues that this case should be transferred to the Northern District of Illinois based on additional considerations that fall under the interest-of-justice factor. (See ECF No. 21-1 at 11–12.) The parties raise the following interests: localized interest in the litigation; trial efficiency; and familiarity with the relevant law. These interests are considered in turn.

#### a. Localized Interest

Defendant VPI argues that the localized interest in the Northern District of Illinois is stronger than the localized interest in the Western District of Tennessee. In fact, VPI contends that "there is no localized controversy or connection in Tennessee," but that "there are in northern Illinois and around Chicago." (Id. at 12.) USCO responds that there is local interest in the dispute in the Western District of Tennessee for two reasons: first, "VPI has admitted to selling the accused products in this district"; and, second, "USCO, through its American subsidiary ITR d/b/a HEAVYQUIP, maintains a significant presence in the Mid-South and surrounding areas." (ECF No. 28 at 15.)

While there is a connection between the Western District of Tennessee and the allegedly infringing activities, the connection between the infringement and the Northern District of

13

Illinois is arguably stronger. "Given the three purposes of the patent system — '(1) to foster and reward invention, (2) to stimulate further innovation, and (3) to ensure free use of ideas in the public domain' — this consideration is given less weight because no state has a greater interest than any other state in promoting the goals of the patent system, a matter of national, and not local, concern." One StockDuq Holdings, LLC v. Becton, Dickinson & Co., No. 2:12-CV-03037-JPM, 2013 WL 1136726, at *8 (W.D. Tenn. Mar. 18, 2013) (citing Caterpillar, Inc. v. ESCO Corp., No. 12-cv-1017, 2012 WL 6618602, at *7 (C.D. Ill. Dec. 18, 2012) (quoting Univ. of Colo. Found., Inc. v. Am. Cyanamid Co., 342 F.3d 1298, 1306 (Fed. Cir. 2003))). The Court finds that Defendant has not demonstrated by a preponderance of the evidence that this interest favors transfer to the Northern District of Illinois.

   **b. Trial Efficiency**

Defendant VPI asserts that the relative "median time interval" of the Northern District of Illinois and the Western District of Tennessee weighs in favor of transfer. (ECF No. 21-1 at 11.) VPI notes that the median time interval from filing to disposition of civil cases in the Northern District of Illinois is roughly seven months, whereas the comparable time period in the Western District of Tennessee is roughly a year. (Id.)

14

Plaintiff responds that the median time to trial in the Western District of Tennessee is roughly 18 months compared to almost 36 months in the Northern District of Illinois. (ECF No. 28 at 14-15.) USCO further notes that a claims construction hearing would likely be held months earlier in the Western District of Tennessee than it would be in the Northern District of Illinois. (Id.)

The Court finds that it would be more efficient to try the case in the Western District of Tennessee. The median time interval from filing to disposition of a case captures a number of data points that are irrelevant to the efficiency of a particular district, including the rate and timing of voluntary settlement of litigants. In contrast, the median time from filing to trial necessarily yields information about the efficiency of a district. Because the time from filing to trial is lower in the Western District of Tennessee than in the Northern District of Illinois (see Lamar Decl. Ex. C, ECF No. 28-11 at PageID 1272-73), the Court finds that it would be more efficient to try this case in the Western District of Tennessee.

### c. Familiarity with the Relevant Law

VPI contends, and Plaintiff does not dispute, that both the Northern District of Illinois and the Western District of Tennessee are equally familiar with relevant law as both

15

districts are members of the Patent Pilot Program. (ECF No. 21-1.) The Court finds that this factor is neutral, and therefore does not weigh in favor of transfer.

**B. Balance of the Statutory Factors**

While it would be more convenient for Defendant VPI to litigate this case in the Northern District of Illinois, balancing the statutory factors in this case, the Court finds that VPI has failed to demonstrate by a preponderance of the evidence that the factors weigh in favor of transfer to the Northern District of Illinois. In this case the convenience to the witnesses and the interests of justice weigh against transfer to the Northern District of Illinois. The fact that transfer might, on balance, be marginally more convenient for the parties does not outweigh the other two factors in this case. Transferring this case to the Northern District of Illinois would result in the shifting of inconvenience from VPI to Plaintiff. Additionally, Plaintiff's choice of forum is entitled to some deference. Here, Plaintiff has made a rational choice to bring the action in the Western District of Tennessee rather than the Northern District of Illinois.

Although the Court notes that this is a relatively close question, the fact that the balance favors Plaintiff, even if only slightly, is sufficient to keep this case in the Western District of Tennessee. See In re Barnes & Noble, Inc., 743 F.3d

1381, 1383 (Fed. Cir. 2014) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (alteration in original) (quoting Reese, 574 F.3d at 320). Accordingly, transfer pursuant to 28 U.S.C. § 1404(a) is not warranted in this case.

### IV. CONCLUSION

For the foregoing reasons, Defendant VPI's Motion to Transfer Venue (ECF No. 21) is DENIED.

**IT IS SO ORDERED,** this 14th day of November, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE