# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| USCO S.P.A., <br><br> Plaintiff, <br><br> v. <br><br> VALUEPART, INC., ACE TRACK CO., LTD., and REONE TRACK CO., LTD., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:14-cv-02590-JPM-tmp <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE THE DECLARATION OF ROGER KERN REGARDING CLAIM CONSTRUCTION FOR U.S. PATENT NO. 6,412,267 AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Before the Court is Plaintiff's Motion to Exclude the Declaration of Roger Kern Regarding Claim Construction for U.S. Patent No. 6,412,267 and Request for Expedited Briefing Schedule, filed March 16, 2015. (ECF No. 56.) In the Motion, Plaintiff USCO S.p.A. ("USCO") seeks three alternative remedies: 1) exclude the declaration of VPI's expert, Roger Kern; 2) "strike all improper and untimely affirmative opinions within the Kern Declaration;" or 3) "if the Court should rule that the Kern Declaration is admissible, USCO requests leave to allow Dr. Fleming an opportunity to prepare a rebuttal report to Mr. Kern's opinions." (ECF No. 56-4 at 3-4.) For the reasons stated below, the Court GRANTS Plaintiff's Motion.

To the extent Plaintiff's Motion requests expedited briefing, expedited briefing was granted by the Court in its

Order Granting Consent Motion for Expedited Briefing Schedule. (ECF No. 61.)

I. **BACKGROUND**

This case concerns allegations of infringement of U.S. Patent No. 6,412,267 (the "'267 patent") asserted by Plaintiff USCO against Defendants ValuePart, Inc. ("VPI"), ACE Track Co., Ltd. ("ACE Track"), and REONE Track Co., Ltd. ("REONE Track") (collectively "the named Defendants").

A. **Factual Background**

"Plaintiff USCO is a joint stock company established under the laws of Italy with its principal place of business in Modena, Italy." (Compl. ¶ 5, ECF No. 1.) USCO sells and uses split master links and lubricated track assemblies that incorporate split master links, and is the owner of the '267 patent. (Id. ¶¶ 2, 5.)

The '267 patent protects a "method of manufacturing an openable link of a track." ('267 patent at 1, ECF No. 1-3 at PageID 44.) USCO alleges that Defendant VPI has infringed and continues to infringe the '267 patent by "import[ing], offer[ing] to sell, sell[ing], or us[ing] products which are made by the claimed methods of the '267 Patent within the United States, the State of Tennessee, and this district, thereby causing USCO to continue to suffer severe and irreparable harm." (Compl. ¶ 21.)

Relevant to the instant Motion, the deadline for initial expert claim construction reports was set as February 23, 2015 by the Court's Scheduling Order. (ECF No. 40 at 2.) USCO served its initial expert claim construction report authored by USCO's expert Dr. Mark A. Fleming on February 23, 2015. (ECF No. 56-4 at 4.) VPI did not serve an expert report or disclose an expert witness at that time. (Id.) On March 9, 2015, VPI submitted a rebuttal expert claim construction report (the "Kern Declaration") and disclosed Mr. Roger Kern as an expert. (Id. at 4-5.) USCO alleges that the Kern Declaration contains affirmative opinions and is in fact an initial expert report in the guise of a rebuttal report. (Id. at 4.)

**B. Procedural Background**

On July 30, 2014, Plaintiff USCO filed a Complaint against the named Defendants for patent infringement. (Compl., ECF No. 1.) On October 1, 2014, Defendant VPI filed its Answer, Affirmative Defenses, Counterclaims, Cross-Claims and Jury Demand to USCO S.p.A.'s Complaint. (ECF No. 19.) USCO filed an Answer to Defendant ValuePart, Inc.'s Counterclaims on October 27, 2015. (ECF No. 30.) On January 27, 2015, VPI filed an Answer, Amended Affirmative Defenses, Counterclaims, Cross-Claims and Jury Demand to USCO S.p.A.'s Complaint. (ECF No. 49.)

On October 1, 2014, VPI filed a Motion to Transfer Venue. (ECF No. 21.) USCO responded in opposition to VPI's Motion on October 20, 2014. (ECF No. 28.) VPI filed a Reply to USCO's Response on October 28, 2014. (ECF No. 33.) On November 14, 2014, the Court denied VPI's Motion to Transfer Venue. (ECF No. 41.)

On March 16, 2015, USCO filed a Motion to Exclude the Declaration of Roger Kern Regarding Claim Construction for U.S. Patent No. 6,412,267. (ECF No. 56.) On March 18, 2015, USCO filed a Notice of Clarification revising certain assertions made in the Motion to Exclude. (ECF No. 59.) On March 18, 2015, USCO also filed a Consent Motion for Expedited Briefing Schedule (ECF No. 60), which the Court granted on March 19, 2015 (ECF No. 61). On March 20, 2015, VPI filed a Response in Opposition to USCO's Motion to Exclude. (ECF No. 62.) USCO filed a Reply to VPI's Response on March 26, 2015. (ECF No. 67.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." A written report must accompany disclosure of a witness who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

Fed. R. Civ. P. 26(a)(2)(B).  In this District, the Local Patent Rules further require,

> Within 14 days after the exchange of Preliminary Claim Constructions . . . any party planning to use an expert witness at the Claim Construction Hearing shall identify that witness and produce a copy of the expert's curriculum vitae and any expert report or declaration the party intends to rely upon.

LPR 4.3(a).  "The purpose of this rule is 'to convey the substance of the expert's opinion ... so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary.'"  <u>Meyer Intellectual Properties Ltd. v. Bodum, Inc.</u>, 690 F.3d 1354, 1374-75 (Fed. Cir. 2012) (quoting <u>Walsh v. Chez</u>, 583 F.3d 990, 994 (7th Cir. 2009)).  The Rules governing expert disclosure are "fundamental to the fairness of litigation."  <u>Cedillo v. Sec'y of Health & Human Servs.</u>, 617 F.3d 1328, 1341 (Fed. Cir. 2010).

The Federal Rules of Civil Procedure also contemplate the submittal of rebuttal expert evidence.  Under Rule 26(a)(2)(D)(ii), if expert evidence "is intended solely to contradict or rebut evidence on the same subject matter identified by another party," the expert and report to be relied on must be disclosed "within 30 days after the other party's disclosure."  The Local Patent Rules place even stricter limitations on expert rebuttal evidence in patent cases:

> Within 14 days after the disclosure of Initial Expert Claim Construction Reports, pursuant to LPR 4.3(a),

5

> any party planning to use a rebuttal expert witness at the Claim Construction Hearing shall identify that witness and produce a copy of the expert's curriculum vitae and any expert report or declaration the party intends to rely upon.

LPR 4.3(b).

Rule 37(c)(1) sets forth the appropriate remedies for violation of expert disclosure deadlines:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> . . .
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(C).

**III. ANALYSIS**

USCO's Motion to Exclude raises the following issues: 1) whether the opinions expressed in the Kern Declaration exceed the limitations of rebuttal evidence under the Federal Rules of Civil Procedure and the Local Patent Rules; 2) whether USCO has suffered prejudice as a result of any affirmative opinions expressed in the Kern Declaration; and 3) what is the appropriate remedy.

### A. Rebuttal Evidence

It is undisputed that VPI served the Kern Declaration on USCO as a rebuttal brief on March 9, 2015, two weeks after the February 23, 2015 deadline for initial expert claim construction reports. (See ECF No. 56-4 at 4; ECF No. 40 at 2.) Consequently, whether VPI has committed a violation turns on whether the content of the Kern Declaration exceeds the scope of rebuttal evidence allowed under the Federal Rules of Evidence and the Local Patent Rules.

Rule 26(a)(2)(D)(ii) defines the expert evidence allowed after initial expert claim construction reports as evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party."

USCO argues that "[a]lthough submitted as a 'rebuttal' report[,] . . . the Kern Declaration contains affirmative opinions in support of VPI's positions for construction of disputed claim terms and a new and previously undisclosed contention regarding the qualifications of a person of ordinary skill in the art." (ECF No. 56-4 at 3.) USCO asserts that the purpose of the Local Patent Rules is "to provide efficiency and fairness with set dates for simultaneous or contemporaneous disclosures from both sides." (Id. at 7.) USCO further asserts that "VPI made the strategic decision not to put forward any affirmative expert opinion on the required date under Local

Patent Rule 4.3(a)," and then "attempted to circumvent the Local Patent Rules by labelling untimely affirmative expert opinions as a rebuttal expert declaration after full knowledge of the opinions of USCO's expert witness." (Id. at 8.) USCO cites to paragraphs 18, 28, 34, 45, 49, 56, and 62 of the Kern Declaration as examples of affirmative opinions that fall outside the scope of rebuttal. (Id. at 13.)

VPI argues that the Kern Declaration is proper rebuttal evidence because "it 'contradict[s] and rebut[s] evidence on the same subject matter' as Fleming's opinion." (ECF No. 62 at 7 (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)).) VPI explains that, initially, it "saw no need for expert opinion" "[b]ecause the parties' preliminary proposed constructions had areas of substantial agreement." (Id. at 1.) VPI further explains that a rebuttal expert report was necessary only after USCO's expert, Dr. Fleming, "deviated materially from USCO's preliminary constructions." (Id.) VPI also asserts that the Kern Declaration "addresses only issues that were previously addressed by [Dr.] Fleming." (Id.) VPI points out that in each of Mr. Kern's opinions, he states Dr. Fleming's opinion and explains why he disagrees with that opinion. (Id. at 7.)

VPI also asserts that even if the Kern Declaration supports VPI's proposed constructions, it is still proper rebuttal evidence. (Id. at 8.) VPI contends that district courts in the

8

Sixth Circuit have previously rejected requests to strike opinions in rebuttal reports that affirmatively support a party's position. (Id. at 8-9 (citing Telepak Networks, Inc. v. City of Memphis, No. 2:14-CV-02027-SHM, 2014 WL 5795499, at *2 (W.D. Tenn. Nov. 6, 2014); Duff v. Duff, No. CIV.A.04-345-KSF, 2005 WL 6011250, at *1 (E.D. Ky. Nov. 14, 2005)).)

The Court agrees with USCO. The language of Rule 26(a)(2)(D)(ii) is clear that only expert evidence "intended solely to contradict or rebut evidence on the same subject matter" may be proffered after the deadline for initial expert disclosures.

Although the majority of the Kern Declaration is rebuttal opinion in response to Dr. Fleming's expert report, Mr. Kern's affirmative proposal of the proper construction of the disputed terms and Mr. Kern's proposed interpretation of a person of ordinary skill in the art as it pertains to the '267 patent cannot be considered rebuttal evidence. VPI is correct that Mr. Kern begins most sections with a summary of Dr. Fleming's opinion and follows with an explanation of how Dr. Fleming's opinion is incorrect. For example, in the section regarding the disputed term "securing said forging in a cantilevered position on a work table," Mr. Kern states that Dr. Fleming "opines that the term . . . should be construed to mean 'firmly positioning said forging on a spark erosion machining work table by only one

9

end so that the other end of said forg[]ing is unsecured to the work table.'" (ECF No. 56-1 ¶ 19.) Mr. Kern goes on to explain the reasons why Dr. Fleming's proposed construction is defective in omitting the limitation that the forging is unsupported. (Id. ¶¶ 22-24.) Mr. Kern also explains why Dr. Fleming's understanding of the prior art is flawed. (Id. ¶ 27.) Many, if not all, of the statements in these paragraphs fall within the scope of rebuttal evidence under Rule 26(a)(2)(D)(ii). Mr. Kern, however, concludes the section by proposing his own construction of the term "securing said forging in a cantilevered position on a work table." (Id. ¶ 28.) A proposed construction of a disputed term is precisely the type of information to be disclosed in an initial expert report under LPR 4.3(a). A proposed construction goes beyond arguments "intended solely to contradict or rebut evidence on the same subject matter."

VPI's reliance on Telepak Networks and Duff, is misplaced. Neither case is binding on the Court, and neither case is a patent case. Furthermore, the findings in Telepak Networks are distinguishable from the instant case. Contrary to VPI's assertions, in Telepak Networks, the magistrate judge did not accept affirmative opinions as properly submitted in a rebuttal expert report. Instead, the magistrate judge found "that, on its face, the report appears to rebut and contradict the

opinions of Plaintiff's expert . . . ." Telepak Networks, 2014 WL 5795499 at *2. Accordingly, the district court "decline[d] to strike the report based on Plaintiff's arguments" given the stage of the proceedings and in "in light of the fact that th[e] case was set for a bench trial." Id. The magistrate judge also left open the door for the district judge to decide to exclude the report at a later time. Id. ("The presiding Judge is in the best position to assess whether the testimony offered at trial by this witness constitutes rebuttal testimony and can rule on any objections raised by Plaintiff at that time.")

Duff is similarly distinguishable from the instant case. In Duff, the district court was tasked with interpreting the meaning of "same subject matter." Duff, 2005 WL 6011250 at *4-5. The district court adopted the approach of other district courts to avoid "'narrowly constru[ing] the phrase 'same subject matter' beyond its plain language.'" Id. at *5 (quoting TC Systems Inc. v. Town of Colonie, New York, 213 F.Supp.2d 171, 180 (N.D.N.Y.2002)). The Duff court ultimately allowed some expansion on the subjects addressed in the initial expert report. Id. Similar to the Duff court, this Court also allows limited expansion on the topic of construction of the disputed terms by Mr. Kern in order to make complete and well-reasoned rebuttal arguments. The issue in the Kern Declaration, however, is that Mr. Kern has gone beyond those limitations by stating

11

his own constructions of the disputed terms, his own standard for a person of ordinary skill in the art, and entirely new arguments in support of those proposals.

The need to enforce the Local Patent Rules with regard to expert disclosures is especially critical in circumstances such as these, where the party submitting the rebuttal report chose not to submit an initial expert report for the opposing party's review.  An initial expert report establishes that expert's positions on the construction of each disputed term and the level of skill of one in the relevant art.  USCO correctly argues that an expert free from the limitations of an initial expert report would enjoy an unfair advantage if allowed to assert new constructions in a rebuttal report after reviewing the opposing party's expert analysis.  Consequently, enforcement of the Local Patent Rules regarding expert disclosure is essential to limit the gamesmanship that would otherwise infest the expert disclosure process in patent cases should disclosure of new constructions be allowed in rebuttal reports. See Computer Acceleration Corp. v. Microsoft Corp., 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) ("The local patent rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'" (quoting IXYS

Corp. v. Advanced Power Tech., Inc., 2004 WL 1368860, *3 (N.D.Cal. June 16, 2004))). Moreover, the purpose of expert disclosure rules in patent cases — "to convey the substance of the expert's opinion" — would be defeated without adherence to the principal that new constructions of disputed terms and proposed standards of the level of skill of one in the relevant art are to be disclosed in the initial expert report. See Meyer Intellectual Properties, 690 F.3d at 1374-75. In simple terms, the substance of an expert's opinion with regard to claim construction is construction of the disputed terms and the proposed standard of the level of skill of one in the relevant art.

In circumstances such as these, the proffered rebuttal evidence must be strictly limited to opinions and arguments that are necessary to articulate the defects of the opposing party's expert's initial constructions and analysis. Asserting proposed constructions for the disputed terms and suggesting the proper standard to apply to a person having ordinary skill in the art without having first submitted an initial report establishing those opinions will almost always exceed the limits established by Rule 26(a)(2)(D)(ii) and the Local Patent Rules. Accordingly, the Court finds that Mr. Kern's proposed claim constructions and interpretation of one of ordinary skill in the art violate Rule 26(a)(2)(D)(ii) and the Local Patent Rules.

**B. Prejudice**

Pursuant to Rule 37(c)(1), the Court is obligated to punish a party for violations of Rule 26(a), unless the violation was harmless or substantially justified. Vance, by & Through Hammons v. United States, 182 F.3d 920 (6th Cir. 1999) ("After Rule 37(c)(1)'s passage in 1993, the test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless."); see also Bowe v. Consol. Rail Corp., 230 F.3d 1357 (6th Cir. 2000). USCO argues that it has suffered prejudice because "VPI's initial opinions, cloaked as 'rebuttal,' have been inappropriately informed by USCO's initial expert disclosure." (ECF No. 56-4 at 3.) USCO contends that VPI, by waiting until after USCO submitted its initial claim construction report to submit the Kern Declaration, "insulated Mr. Kern's opinions from scrutiny." (Id. at 8.) USCO asserts that it suffered prejudice because it was not given the opportunity to rebut the affirmative opinions stated in the Kern Declaration. (Id. at 8.) USCO argues it suffered further prejudice because VPI unfairly gained an advantage by allowing its expert to commit to an opinion with knowledge of USCO's expert's opinions regarding the disputed claims and the standard to be applied to one of ordinary skill in the art. (Id. at 9.) USCO asserts that this type of gamesmanship is foreclosed by

14

both the Local Patent Rules and Scheduling Order.  (Id.)  USCO concludes that the prejudice suffered by USCO cannot be undone because "VPI's expert cannot 'unsee' Dr. Fleming's opinions to form his own initial opinions."  (Id.)

VPI contends that USCO is not prejudiced by any alleged affirmative opinion in the Kern Declaration.  VPI asserts that it has offered to allow Dr. Fleming to respond to the Kern Declaration.  (ECF No. 62 at 8.)  Moreover, VPI argues, "[a]mple time remains before claim construction briefing and the mid-June Markman hearing" for USCO to rebut Mr. Kern's opinions.  (Id.)  VPI asserts that the instant case is distinguishable from the cases cited by USCO based on the fact that this case is in the early stages of claim construction.  (Id. at 9.)  Finally, VPI argues that USCO would not suffer prejudice because Defendants ACE Track and REONE Track, have for various reasons not yet begun to participate in the claim construction process.  (Id. at 10-11.)  VPI asserts that "[i]t is those defendants who perform the allegedly infringing process, . . . and they have knowledge of how one skilled in the art would interpret the claims."  (Id. at 11.)

The Court agrees with USCO.  In the context of claim construction, allowing one party's expert to view the expert report of another party before submittal of the report asserting proposed constructions is an unfair advantage.  See supra Part

III.A. The violating party's expert would be able to craft claim interpretations and arguments that mitigate the strengths and emphasize the weaknesses of the other party's analysis unfettered by its own initial expert report. VPI's arguments center more on the idea that allowing a rebuttal by USCO's expert would resolve any unfair advantage from which VPI has benefitted. Although allowing a rebuttal report would assuage the effects of VPI's violation, it would not completely resolve the prejudice suffered as a result of VPI not being subject to the limitations of its own initial expert report. Accordingly, the Court finds that USCO suffered prejudice as a result of VPI's violations.

    **C.    Remedy**

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a remedy for a Rule 26(a) violation is either disallowance of the information or witness, or "other appropriate sanctions" at the discretion of the Court. USCO argues that the proper remedy is to exclude Mr. Kern as an expert witness because Mr. Kern "cannot 'unsee' Dr. Fleming's opinions" and the resulting prejudice "cannot be undone." (ECF No. 56-4 at 8-9.) Alternatively, USCO requests that the Court "strike all improper and untimely affirmative opinions within the Kern Declaration." (Id. at 3.) Specifically, USCO requests that VPI's "affirmative opinions regarding the qualifications of

16

one of ordinary skill in the art and claim constructions of the disputed terms should be stricken, and VPI should not be allowed to rely upon these in support of its case-in-chief during the Markman hearing." (ECF No. 6.) Finally, USCO argues that if the Court admits the Kern Declaration, then USCO should be allowed to submit a rebuttal report to the Kern Declaration. (ECF No. 56-4 at 3-4.)

VPI urges that the alternative relief sought by USCO — to allow USCO to file a rebuttal report — is the proper relief. VPI asserts that it previously offered to allow USCO to submit a rebuttal report by Dr. Fleming in response to the Kern Declaration. (ECF No. 62 at 10.) VPI argues that a rebuttal report would resolve any disadvantage to USCO. (Id.)

Having reviewed the Kern Declaration, the Court finds that the majority of its content is rebuttal opinion made in response to Dr. Fleming's report. Consequently, total exclusion of Mr. Kern as a witness in this case would be inappropriate. Additionally, allowing USCO to file a rebuttal report in response to the Kern Declaration would not fully compensate for the prejudice suffered by USCO. See supra Part III.B. Accordingly, the Court finds that the proper remedy is to strike the affirmative portions from the Kern Declaration and allow the remaining opinions as rebuttal evidence for claim construction.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Exclude the Declaration of Roger Kern Regarding Claim Construction for U.S. Patent No. 6,412,267 and Request for Expedited Briefing Schedule (ECF No. 56) is GRANTED. Plaintiff shall submit within three (3) days of this Order, a proposed redline draft of the Kern Declaration indicating the portions that should be stricken. The Court will make any appropriate modifications to Plaintiff's draft and file a final version on the CM/ECF system. Additionally, VPI shall refrain from using and/or relying on the affirmative opinions removed from the Kern Declaration during the claim construction hearing.

**IT IS SO ORDERED,** this 27th day of April, 2015.

/s/ Jon P. McCalla  
JON P. McCALLA  
U.S. DISTRICT COURT JUDGE